<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RUSSELL TINSLEY,                          :
                                                                    Civil Action No. 09-1370 (NLH)
                Petitioner,       :

                v.                        :        **OPINION**

KAREN BALICKI,                            :

                Respondent.    :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Russell Tinsley
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302


**HILLMAN**, District Judge

        Petitioner Russell Tinsley, a prisoner currently confined at

South Woods State Prison in Bridgeton, New Jersey, has submitted

a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.[1]  The respondent is Administrator Karen Balicki.

_____

        [1] Section 2254 provides in relevant part:

        (a) The Supreme Court, a Justice thereof, a circuit
        judge, or a district court shall entertain an
        application for a writ of habeas corpus in behalf of a
        person in custody pursuant to the judgment of a State
        court only on the ground that he is in custody in
        violation of the Constitution or laws or treaties of
        the United States.

Because it appears from the face of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition without prejudice.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that he is confined pursuant to a conviction in June 2008, in the Superior Court of New Jersey, Trial Division, Atlantic County, for theft.  Petitioner was sentenced to a four-year term of imprisonment, with no period of parole ineligibility.

Petitioner alleges that, on January 30, 2009, the New Jersey State Parole Board had approved parole release on March 13, 2009. On February 26, 2009, however, the Parole Board issued a Notice of Administrative Hold based upon new confidential information. On March 18, 2009, Petitioner participated in a rescission hearing, at which the hearing officer refused to reveal the new confidential information.  Petitioner does not state the results of that hearing.

This Petition followed four days later, on March 22, 2009. Petitioner has not pursued any administrative or judicial appeals of the administrative hold or rescission decision.  Petitioner contends that rescission of his parole based upon confidential information violates his constitutional right not to be deprived of liberty without due process.

2

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2254, 2255.

III.  <u>ANALYSIS</u>

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the

3

courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868

4

F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Here, state law provides administrative and judicial review processes applicable to Petitioner's claims.  Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met.  N.J. Admin. Code Title 10 Sec. 71-4.2.  In addition, New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5,

5

para. 4; Trantino v. New Jersey State Parole Board, 166 N.J. 113, 172 (N.J.), modified on other grounds, 167 N.J. 619 (2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2) (2001).  This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency."  Trantino v. New Jersey State Parole Board, 296 N.J. Super. 437, 459-460 (App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 19 (1998); Johnson v. State Parole Board, 131 N.J. Super. 513, 517-18 (App. Div. 1974), certif. denied, 67 N.J. 94 (1975).  See also Petrucelli v. Department of Civil Service, 28 N.J. Super. 572, 575 (App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

Moreover, if a New Jersey agency fails or declines to consider an administrative appeal from a decision of a lower agency official, the decision sought to be appealed is deemed the agency's final decision for purposes of any subsequent appeal to the state appellate courts.  See, e.g., New Jersey State Parole Board v. Cestari, 224 N.J. Super. 534, 542 n.2 (App. Div.), certif. denied, 111 N.J. 649 (1988) (where the full Parole Board declines to consider an administrative appeal from an Adult Panel

of the Board, "the decision of the Adult Panel is the final decision of the agency").

Petitioner has not pursued any state review procedures with respect to the challenged decision.  Further, Petitioner has not alleged any facts suggesting an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.

Accordingly, the Petition will be dismissed without prejudice for failure to exhaust state remedies.  This Court expresses no opinion as to the merits of Petitioner's claims.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Jurists of reason would not find this Court's procedural ruling debatable.  No certificate of appealability will issue.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated: March 31, 2009